FILED
United States Court of Appeals
Tenth Circuit

September 17, 2024

Christopher M. Wolpert
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

In re: SYLVIA MARIE BYRNES,

Debtor.

------------------------------

BARRY J. BYRNES,

Plaintiff - Appellant,

v.

SYLVIA MARIE BYRNES,

Defendant - Appellee.

No. 24-2015
(D.C. No. 2:22-CV-00426-JCH-GBW)
(D. N.M.)

_____

ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.
_____

The bankruptcy court sanctioned Appellant Barry J. Byrnes, dismissing his

adversary proceedings with prejudice, and the district court affirmed.  Exercising

jurisdiction under 28 U.S.C. § 158(d) and 28 U.S.C. § 1291, we also affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Byrnes, who is a retired lawyer, sued his estranged wife for defamation and intentional infliction of emotional distress after she told police and a state court he had physically assaulted her. When his wife filed for bankruptcy, Mr. Byrnes removed his tort claims to the bankruptcy court, which consolidated them with another adversary proceeding he had filed.

Extensive litigation followed, including multiple pretrial conferences and hearings in the bankruptcy court; imposition of monetary sanctions against Mr. Byrnes for discovery violations; denial of his motion to disqualify the bankruptcy judge; dismissal of his five requests for interlocutory relief from the Bankruptcy Appellate Panel; this court's denial of his petition for mandamus; the district court's dismissal of his motion to withdraw its reference to the bankruptcy court of his adversary proceeding; and our dismissal of his appeal from that ruling. In those proceedings Mr. Byrnes's efforts to avoid advancing toward trial in the bankruptcy court were repeatedly rejected.

In May 2022 the bankruptcy court held a pretrial conference, which the district court had refused to stay. The bankruptcy judge asked Mr. Byrnes: "[A]re you willing to participate in this pretrial conference in good faith?" R. Vol. 3, at 165–66. He answered, "No, I'm not. I'm not willing to participate . . . ," *id.* at 166, later reiterating, "Judge, you can do what you want. I'm not participating," *id.* at 168.

In a written order the bankruptcy court sanctioned Mr. Byrnes, finding his litigation conduct had been in bad faith, vexatious, and harassing, and that:

2

> [Mr. Byrnes] does not want to *try* the case against his wife, only to *litigate* it. [He] knows his wife has limited means and cannot afford litigation. Relying on his experience as a lawyer, [Mr. Byrnes] used this proceeding to harass his wife and drain her of what little money she had, without incurring any substantial expenses of his own. . . . [Mr. Byrnes] has used litigation in the state district court, the state appellate and Supreme Courts, this Court, the district court, the Tenth Circuit Bankruptcy Appellate Panel, and the Tenth Circuit Court of Appeals, to vex, harass, and impoverish his wife. [Mr. Byrnes] does not want a judgment, which would be uncollectible, but to keep this litigation going as long as possible.

R. Vol. 1, at 808–09 (citations and internal quotation marks omitted). It dismissed his claims with prejudice, evaluating the factors identified in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). It also required Mr. Byrnes to pay his wife's attorney fees, concluding his conduct warranted imposition of a monetary sanction for three reasons:

> The first and least significant reason is Plaintiff's contumacious conduct toward the Court. As a former attorney, Plaintiff knows how he is expected to conduct himself in court. His behavior at the pretrial conference and throughout this proceeding has been remarkably disrespectful. Plaintiff's rudeness to opposing counsel and the Court is inexcusable.
>
> Second, and more importantly, Plaintiff wasted the Court's and the Defendant's time at the final pretrial conference by refusing to confer in good faith, giving as his reason an obvious pretext.
>
> Finally, and by far most importantly, Plaintiff's actions throughout this proceeding have been in bad faith, vexatious, wanton, harassing, and oppressive. It is bad faith to litigate and then refuse, on the flimsiest grounds, to try the case. It makes obvious that Plaintiff's claims were brought and litigated to torment his estranged wife with bad faith, vexatious litigation that cost him little or nothing but forced her to incur ever-mounting attorney fees. Plaintiff's conduct merits a significant sanction.

*Id.* at 811.

Mr. Byrnes appealed to the district court. A magistrate judge recommended affirming the bankruptcy court's rulings, and the district court adopted and followed

3

that recommendation in a detailed memorandum opinion and order.  A few examples of Mr. Byrnes's attitude toward the court highlighted by the district court include calling the bankruptcy judge, "[y]ou son of a b-", R. Vol. 3, at 175; arguing to the same judge, "you and your bankruptcy buddies there can play all the games you want with me," *id.* at 181; and responding to adverse rulings by telling him:  "I think you're unfair. . . .  And I think you're a absolute disgrace as a judge," *id.* at 161, and "You're just a bankruptcy judge . . . [a] nobody," *id.* at 167–68.

The district court agreed dismissal with prejudice was appropriate, affirming the magistrate judge's finding that "[t]he record is replete with examples of Mr. Byrnes's aggressive litigation tactics and contumacious and disrespectful behavior," *id.* at 473, and affirming the bankruptcy court's dismissal based on his "vexatious and numerous frivolous motions, petitions, and appeals, as well as [his] interference with the judicial process . . . ." *id.* at 478.  Mr. Byrnes appeals.

## II.  Discussion

Mr. Byrnes has not adequately briefed any claim of error in compliance with Federal Rule of Appellate Procedure 28 and Tenth Circuit Rule 28.1.  He has thereby forfeited his opportunity to have us review the rulings below on their merits.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840–41 (10th Cir. 2005).

We decline to give Mr. Byrnes's briefing the liberal treatment ordinarily afforded pro se litigants, because he is a retired attorney.  *See Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).  And even if he lacked such legal training and experience, he must "follow the same rules of procedure that govern other litigants."

4

*Garrett*, 425 F.3d at 840. Rule 28 requires an appellant's brief to contain "a concise statement of the case . . . with appropriate references to the record," and an argument section presenting "appellant's contentions . . . with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(6) & (8)(A). A brief that does not "explain what was wrong with the reasoning that the district court relied on," is deficient and cannot carry the appellant's burden. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Mr. Byrnes's briefing does not meet these requirements in at least two respects.

First, throughout Mr. Byrnes's briefing, he does not provide appropriate citations "to the . . . parts of the record on which [he] relies," Fed. R. App. P. 28(8)(A), or to the volume and page number of the record on appeal, 10th Cir. R. 28.1(A)(2). His brief frequently makes factual and legal assertions with no supporting citations. Where he does give citations for events in the procedural history, they are typically only general descriptions of documents filed below, such as "Order on Trial of Tort Claims," or "Bankruptcy Documents 43 and 143." *See* Aplt. Opening Br. at 20, 22. Even if his assertions of law were correct, he does not explain how they apply in the context of this case.

Our concern with this deficiency is not a mere technical quibble. Mr. Byrnes's citations are insufficient to indicate where, if at all, the referenced materials may be found within the three volumes of the 1,825-page record. Although he generally appears to cite materials filed below, the case history includes documents filed under multiple case numbers, in both the district and bankruptcy courts. Even assuming we

could locate the materials he references, that does not cure the defect. By not using appropriate citations, Mr. Byrnes asks the court to search within the record, and perhaps outside it, on his behalf. We will not do that work for him. *See Garrett*, 425 F.3d at 840 ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in . . . searching the record"); *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997) ("[T]he court will not sift through the record to find support for the claimant's arguments." (internal quotation marks omitted)).[1]

The deficiency is made even more important because Mr. Byrnes's characterization of the facts is untrustworthy. For instance, although he claims he "participated in the May [2022 settlement conference] subject to valid objection," Aplt. Opening Br. at 20, he told the bankruptcy judge unequivocally, "I'm not participating." R. Vol. 3, at 168; *see also id.* at 166 ("I'm not willing to participate."). Because we can neither trust Mr. Byrnes's factual statements, nor verify them using his citations, we will not look past the deficiency to reach his legal contentions.

Second, Mr. Byrnes's briefing is substantively deficient. "The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon*, 784

---

[1] Mr. Byrnes argues that because Local Rule 28.1(A)(2) uses the word "should," it only "recommends or proposes but does not mandate a citation convention." Aplt. Reply Br. at 6. But the deficiencies in Mr. Byrnes's briefing go beyond failure to use a particular citation style, and the requirement to provide appropriate citations is mandatory. *See* Fed. R. App. P. 28(a)(6) & (8); Local Rule 28.1(A).

F.3d at 1366.  Mr. Byrnes has not done so.  On appeal he restates positions he took in the district court, but without explaining why what the lower court said was wrong.

For example, he contends his April 2022 appeal from the denial of his motion to withdraw the reference "divested the district court and its bankruptcy court of administrative control," so the bankruptcy court lacked jurisdiction to sanction him and dismiss his claims.  Aplt. Opening Br. at 22.  The district court rejected that argument, explaining that because his appeal was from a nonappealable order, and dismissed for lack of jurisdiction, the district and bankruptcy courts never lost jurisdiction.  *See* R. Vol. 3, at 467–68; *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022) ("[A] district court can proceed when the appeal involved a non-appealable order.").

The district court also explained, contrary to Mr. Byrnes's contentions, that the bankruptcy court had jurisdiction at the May 2022 pretrial conference, because the district court had denied his motion for a stay, the order of reference remained in effect, and the bankruptcy court could approve a pretrial order even for claims to be tried in district court.  Further, contrary to Mr. Byrnes's argument that the bankruptcy court lacked jurisdiction to enter judgment on his tort claims, the district court concluded that 11 U.S.C. § 105(a), authorized it to "issue any order . . . *or judgment* . . . necessary or appropriate" under the Bankruptcy Code, and to "tak[e] any action . . . necessary or appropriate . . . to prevent an abuse of process."  (emphasis added).  *See also In re Courtesy Inns, Ltd., Inc.*, 40 F.3d 1084, 1089 (10th Cir. 1994) (holding Section 105(a) grants bankruptcy courts inherent power to impose sanctions).

On appeal Mr. Byrnes does not address this reasoning, or the authorities relied on by the district court.  He merely repeats the conclusory claims that the bankruptcy court could not adjudicate his noncore claims and that his appeal stripped it of jurisdiction.  Most, if not all, of his arguments likewise only repeat positions rejected by the district court, without presenting any error in its reasoning.  This is insufficient to meet his burden.  *See Nixon*, 784 F.3d at 1366, 1369.  Given the other deficiencies in his briefing, and because of his disrespectful conduct,[2] we decline either to list each such shortcoming or to search his briefs for any colorable claims of error.

### III. Conclusion

We affirm the judgment of the district court.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[2] Mr. Byrnes's improper attacks on the bankruptcy judge have continued on appeal.  *See, e.g.*, Aplt. Opening Br. at 39 (maligning the bankruptcy judge as, "a hardline debtor oriented judge who acts as if he has the power and authority of a Title [*sic*] III judge"); *id.* at 16 (arguing "[t]he bankruptcy judge took advantage of [alleged procedural] delay and prevented Tenth Circuit review by entering final judgment . . . .").

8